**Mattie Mae JAMES, etc., Plaintiff,**

v.

**Lamar MURPHY, etc., et al., Defendants.**

**Civ. A. No. 75-6-E.**

United States District Court, M. D. Alabama, E. D.

April 23, 1975.

William M. Bowen, Jr., Asst. Atty. Gen. of Ala., Montgomery, Ala., for defendants.

## MEMORANDUM OPINION ON MOTION TO DISMISS

VARNER, District Judge.

This cause is now before the Court on the motion to dismiss filed herein February 18, 1975, by Defendants, Lamar Murphy, L. B. Sullivan, Thomas F. Staton, Thomas F. Bradford, Sr., Dr. Max V. McLaughlin, Yetta G. Samford, Jr., and Rev. John E. Vickers.

On January 28, 1975, Plaintiff filed a complaint in which she alleged the violation of her and her deceased husband's civil rights arising out of Plaintiff's husband's death while incarcerated in the Russell County, Alabama, Jail on January 29, 1974. As Defendants she named Maurice Delevie, a jailer of Russell County Jail; Lamar Murphy, Sheriff of Russell County; and L. B. Sullivan, Thomas F. Staton, Thomas F. Bradford, Sr., Dr. Max V. McLaughlin, Yetta G. Samford, Jr., and Rev. John E. Vickers, the Commissioner and members of the Alabama Board of Corrections. On February 18, 1975, all of the above-named Defendants, except Maurice Delevie, filed a motion to dismiss the complaint on various grounds.

Under 42 U.S.C. § 1983 an injured party who has been deprived of any rights, etc., secured by the Constitution and the laws can bring an action for redress. In their motion to dismiss, the said Defendants assert that the Plaintiff, Mattie Mae James, is not such an injured person. She asserts two separate grounds why she is. First, in her first claim, because as administratrix of her husband's (Crawford Lee James) estate, she is able to stand in his shoes and assert a civil rights violation against her husband, to-wit, cruel and unusual punishment. Second, in her second, third and fourth claims, she alleges civil rights violations against herself— that she was, by her husband's death, deprived of basic property rights protected by the Fourteenth Amendment, consortium and support for herself and her children, without due process of law.

Plaintiff's First Claim: A. Plaintiff contends that, based on allegations in the complaint in this case, Plaintiff's deceased, had he survived, could have brought an action under 42 U.S.C. § 1983 on his own account.

Plaintiff's complaint states that Sheriff Murphy, Deputy Sheriff Delevie, and various members of the Alabama Board of Corrections, who are Defendants in the instant case, subjected Plaintiff's deceased to cruel and unusual punishment through the commission of various acts which amounted to "gross and culpable negligence" and in so doing violated Plaintiff's deceased's civil rights.

It appears that Plaintiff's complaint states a sufficient claim under § 1983 with respect to its allegation of "gross and culpable negligence" amounting to cruel and unusual punishment against Plaintiff's deceased. The question of whether or not cruel and unusual punishment could be effected through simple negligence or gross negligence has traveled a rough road in the Fifth Circuit. A decision by a divided panel of the United States Court of Appeals for the Fifth Circuit indicated that simple negligence on the part of the superintendent of a county prison-farm towards an inmate (in the choosing of an armed trusty guard to guard the inmate) constituted cruel and unusual punishment in violation of the inmate's constitutional rights and entitled him to relief under § 1983. Roberts v. Williams, 456 F.2d 819 (5th Cir. 1972). However, in Anderson v. Nosser, 456 F.2d 835 (5th Cir. 1972), the Fifth Circuit (sitting en banc) entered a divided decision that the § 1983 violation in the case before them could not be based on cruel and unusual punishment and set forth a view of what need be shown for an Eighth Amendment § 1983 action which was endorsed by eight of the 16 judges (see footnote to Judge Simpson's special concurrence, p. 842). A ninth judge, Bell, who wrote for the Court, by pretermitting a consideration of the Eighth Amendment as the basis of the § 1983

violation and placing the Court's decision on another basis (the due process clause of the Fourteenth Amendment), appears, at least by implication, to give support to the Simpson view.[1] The Anderson v. Nosser, supra, decision had an immediate effect on Roberts v. Williams, supra, causing the three-judge panel of the Court in *Roberts,* at pp. 834–835, to attach an addendum in which it modified its opinion so as to rest the liability of the prime defendant therein upon State law applied under the doctrine of pendent jurisdiction and not on an Eighth Amendment violation of § 1983. Thus, to recover for a violation under § 1983 of Eighth Amendment rights, it would appear that one must allege acts which amount to, at least, gross negligence. This view seems fairly well entrenched in the Fifth Circuit. In Parker v. McKeithen, 488 F.2d 553 (5th Cir. 1974), a three-judge panel (opinion by Judge Simpson) held in error the granting of a motion to dismiss against a § 1983 claim alleging acts of gross negligence[2] which allegedly violated a prisoner's Eighth Amendment rights (see 456 F.2d pp. 554–556 and accompanying Footnote No. 6).

■ While the facts allegedly constituting gross negligence are not fully alleged in the instant case, Plaintiff clearly bases her claim for violation of civil rights on her allegation of deprival of rights by "gross and culpable negligence" of the sheriff in hiring and continuing employment of the allegedly incompetent jailer which the sheriff knew or should have known was incompetent and for "gross negligence per se" of the sheriff in violating Alabama Constitution § 138 and Code of Alabama, Title 45, § 115. As to the prison officials, the allegation is that civil rights were violated by gross negligence in violating statutory duties. While those allegations constitute so-called "bare-bones" pleading, it appears therefrom that Plaintiff's deceased, had he lived, could have brought a § 1983 suit on his own account for the violations alleged. The proceeding should not be dismissed unless it appears that, under no set of facts provable under the pleadings, could the Plaintiff recover. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.

■ Even if the complaint indicates a sufficient cause of action for the Plaintiff's deceased, the Defendants contend that the Plaintiff may not stand in the shoes of her deceased and assert the violation of his civil rights under the Eighth Amendment.

A related question was decided in favor of a plaintiff in Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961). That case involved a brutal beating by police officers of a person illegally in police custody, resulting in the person's death. The question of that case was "whether death resulting from violation of the Civil Rights Statutes gives rise to a federally enforceable claim for damages sustained by the victim, by his survivors, or by both" (p. 402). The plain-

1. From the addendum in the Roberts v. Williams, supra, opinion, it appears that Judge Simpson's view of what amounts to cruel and unusual punishment as an Eighth Amendment violation has not yet been discarded. Judge Simpson states: "Punishment is the first element of 'cruel and unusual punishment'. Absent punishment an act however cruel and unusual may not be transmogrified into 'cruel and unusual punishment'. The essence of punishment is the intentional infliction of penalty or harm upon another. At the very least punishment comprises conduct so grossly negligent that intent may be inferred from its very nature, applying the concept that a person intends the natural consequences of his acts. I find neither of these elements present in this case." Roberts v. Williams, supra, 456 F.2d at p. 834.

2. While language in that opinion would indicate that a § 1983 claim might be predicated on simple negligence, the case itself involves an allegation of gross negligence, and the authorities cited for that principal are Roberts v. Williams, supra; Anderson v. Nosser, supra; Whirl v. Kern (5 CCA 1969) 407 F.2d 781. Both *Roberts* and *Anderson* are gross negligence cases, and *Whirl* was a deprival of rights by false imprisonment case.

tiff in the case was the administratrix of the decedent's estate.

The Court in Brazier v. Cherry, supra, had to determine whether Congress in various statutes, including § 1983, had impliedly established a right of survival. The Court pretermitted consideration of the question whether survival was forthrightly accorded by some federal statute, although acknowledging that a good argument could be made for § 1983 not providing for survival since the language of the statute provides remedies only for "the party injured". The Court resolved the question of whether actions under § 1983 survive death of the injured party by recourse to the State wrongful death statute and 42 U.S.C. § 1988. Section 1988 provides, generally, that in cases where federal laws, including § 1983, are not adapted to the object of vindicating civil rights or are deficient in provisions necessary to furnish suitable remedies, the common law, as modified and changed by the Constitution and statutes of the State wherein the federal district court having proper jurisdiction sits, shall be extended to and govern the said courts in the trial and disposition of the cause. In short, § 1988 allows for the incorporation of State survival statutes into § 1983 (among other federal civil rights statutes) in order to permit the full effectual enforcement of the policy sought to be achieved by that federal legislation. Since the policy of § 1983 to remedy violations of civil rights makes no valid distinction between injury to those rights which do not culminate in death and injuries to those rights that do, State law relating to wrongful death was applied in Brazier v. Cherry, supra, to provide "suitable remedies".

The remedies sought by the plaintiff were for (a) the damages sustained by the decedent during his lifetime and (b) the damages sustained by his survivors as a result of his death. In fact, the State wherein the cause was tried—Georgia—had wrongful deathtype statutes (Georgia Code, § 3–505; § 105–1302), which specifically provided for those two types of damages. Thus, by virtue of § 1988, these two types of wrongful death remedies were made available to a plaintiff who sued as the personal representative of a decedent for a violation of that decedent's civil rights under § 1983 in Georgia.

Because of the nature of relief available under Alabama wrongful death remedies, a different result may be mandated. Mattie Mae James, in her complaint, asks for compensatory damages, as did the plaintiff in Brazier v. Cherry, supra—damages sustained by the decedent and damages sustained by his survivors. However, the wrongful death act in Alabama (Code of Alabama, Title 7, § 123) [3] does not provide for compensatory damages as do the wrongful death acts in Georgia. The Alabama wrongful death act provides only for punitive damages—not for compensatory or actual damages. Hampton v. Roberson, 231 Ala. 55, 58, 163 So. 644; Bell v. Riley Bus Lines, 257 Ala. 120, 57 So.2d 612. The right it creates is the right of the personal representative of the decedent to act as agent by legislative appointment for the effectuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages. Since the Plaintiff, Mattie Mae James, did not claim punitive damages in her complaint, it appears that her complaint is insufficient under §§ 1983, 1988, and the wrongful death act of Alabama, Code of Alabama, Title 7, § 123, to support a cause of action for the damages claimed.

▮ However, even though the Plaintiff's claim is defective, the Defendants' motion to dismiss should be denied, Con-

---

3. § 123. "A personal representative may maintain an action, * * * for the wrongful act, * * * of any person * * * whereby the death of his * * * intestate was caused, if the * * * intestate could have maintained an action for such wrongful act, * * * if it had not caused death. * * * *"

**646**

ley v. Gibson, supra, as Plaintiff's complaint could be readily amended to claim punitive damages. In Pollard v. United States, D.C., 384 F.Supp. 304 (1974), the Court held *inter alia* that the Alabama wrongful death statute can be incorporated by § 1988 into § 1983, citing as authority Brazier v. Cherry, supra.[4] The *Brazier* and *Pollard* cases are authority for denying a motion to dismiss based upon the contention that the Plaintiff failed to state a proper cause of action under §§ 1983, 1988, and the wrongful death act of Alabama.

While the Defendants, the sheriff and the prison officials, are not liable respondeat superior, they are liable for their own personal "gross negligence" if it deprived the Plaintiff's intestate of his life as an element of cruel and unusual punishment.

 Plaintiff's Second Ground: The Plaintiff also alleges a deprivation of her rights to property—namely her rights to consortium and her deceased husband's support—under the due process clause of the Fourteenth Amendment. The Plaintiff cannot obtain relief under § 1983 based on such allegations since the wrongful death act of Alabama (Title 7, § 123) has been consistently interpreted to provide that a decedent's representative's right to proceed for damages in wrongful death is not a property right. Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912; Breed v. Atlanta, etc., R. Co., 241 Ala. 640, 4 So.2d 315; Bell v. Riley Bus Lines, supra. Any recovery that the Plaintiff might have against the Defendants for wrongful death would not be a property right of the Plaintiff protected by the Fourteenth Amendment. Plaintiff, therefore, could not claim that her husband's death at the Defendants' hands deprived her of her civil rights so as to support a § 1983

action against the Defendants for her rights and her children's rights to support or for her right to consortium. Motion to dismiss the Plaintiff's claims No. II, III and IV will, therefore, be granted. Accordingly, it is the

Order, judgment and decree of this Court that said motion to dismiss be, and the same is hereby, denied with respect to Plaintiff's first claim. It is further

Ordered that said motion to dismiss be, and the same is hereby, granted with respect to Plaintiff's claim No. II, III and IV.

---

4. In *Pollard*, however, no distinction was claimed or recognized between compensatory damages recoverable under Georgia wrongful death acts applicable in *Brazier* and punitive damages recoverable under the Alabama wrongful death act applicable in *Pollard*.

Had that distinction been called to this Court's attention at that time, it would seem that this Court would probably have allowed recovery of only punitive damages pursuant to Alabama law.