**Grace Mae BROWN, etc., Plaintiff,**

**v.**

**MORGAN COUNTY, ALABAMA, et al., Defendants.**

**Civ. A. No. CV81–PT–5082–NE.**

United States District Court,
N. D. Alabama,
Northeastern Division.

July 21, 1981.

As Amended Aug. 26, 1981.

</div>

W. Clint Brown, Beverly A. Crosson, Legal Services of North Central Alabama, Inc., Decatur, Ala., Larry T. Menefee, Blacksher, Menefee & Stein, P.A., Mobile, Ala., for plaintiff.

Robert Straub, Russell & Straub, Decatur, Ala., for defendant Van Ward, only Def. who submitted material on motion.

## MEMORANDUM OPINION

PROPST, District Judge.

This cause comes on to be heard on plaintiff's Motion for Reconsideration of the court's May 11, 1981 Order granting defendants' Motion to Strike plaintiff's Claim for Compensatory Damages. The court has carefully considered plaintiff's motion and the arguments advanced in both plaintiff's brief and defendants' brief and has concluded that plaintiff's Motion for Reconsideration is due to be denied.

The court notes at the outset that there is not a case that has dealt with the precise question presented in this case: whether both punitive damages and compensatory damages are recoverable in a 1983 case where the injured party has died from the alleged wrongful acts and the action is being maintained only by reference to the Alabama wrongful death act. It is clear that under Alabama law only punitive damages are recoverable. Ala.Code § 6–5–410 (1975). Plaintiff contends that federal law, rather than Alabama law should be applied because the Alabama law is inconsistent with the purposes of 42 U.S.C. § 1983. Plaintiff would, thus, have the court use as much of the Alabama law as would allow the cause of action to be maintained, but would have the court reject that portion of the action which restricts the damages awarded to punitive damages. Defendants contend that since the cause of action would not even survive the deceased's death without reliance on the Alabama wrongful death act, plaintiff must also operate under the limitations contained in that act, in other words, "take it like you find it." The question has been addressed by neither the Fifth Circuit nor by the Supreme Court.

In *Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1961), the plaintiff, in a 1983 case in which Georgia was the forum state, filed suit as administratrix of a decedent's estate; the decedent was allegedly killed by the wrongful acts of numerous defendants. The district court dismissed the complaint, holding that the cause of action did not survive the decedent's death. The Fifth Circuit reversed, holding that while the civil rights acts were, themselves, deficient with respect to the survival of actions, Section 1988 filled the gap, adopting by reference Georgia law. In a detailed opinion, the court stated the test for determining whether state law is to be adopted:

Section 1988 declares a simple, direct, abbreviated test: what is needed in the particular case under scrutiny to make the civil rights statutes fully effective? The answer to that inquiry is then matched against (a) federal law and if it is found wanting the court must look to (b) state law currently in effect. To whatever extent (b) helps, it is automatically available, not because it is procedure rather than substance, but because Congress says so.

293 F.2d at 409. The court employed its test in *Brazier* and answered that what was needed was for the cause of action to survive, not abate, the deceased's death. The court then looked to federal law, which was found wanting, and then looked to the state law, Georgia law, currently in effect, which included *both* Georgia's survival statute *and* wrongful death statute. To the extent Georgia law helped, the court held it was automatically available to plaintiff in prosecuting her 1983 claim.

It is important to note that in Georgia actions based on both the wrongful death statute *and* the survival statute may be maintained simultaneously. See 293 F.2d at 407 n.15. Because both actions may be maintained, the Fifth Circuit in *Brazier* did not face the question before this court. The court stated:

Since Georgia now provides both for survival of the claim which the decedent had for damages sustained during his lifetime as well as a right of recovery to his surviving widow and others for homicide ... *we need not differentiate between the two types of actions.*

293 F.2d at 409 (emphasis added). Under Alabama law, wrongful death actions and survival actions may *not* be maintained simultaneously. *Bruce v. Collier*, 221 Ala. 22, 23, 127 So. 553 (1930). Only a wrongful death action may be maintained. There is a differentiation.

In *James v. Murphy*, 392 F.Supp. 641 (M.D.Ala.1975), a 1983 case, plaintiff sought, in her complaint, compensatory damages—damages sustained by the decedent and damages sustained by his survivors. The court noted:

However, the wrongful death act in Alabama [Ala.Code § 6–5–410] does not provide for compensatory damages as do the wrongful death acts in Georgia. The Alabama wrongful death act provides only for punitive damages—not for compensatory or actual damages. The right it creates is the right of the personal representative of the decedent to act as an agent by legislative appointment for the effectuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages. Since the Plaintiff, Mattie Mae James, did not claim punitive damages in her complaint, it appears that her complaint is insufficient under §§ 1983, 1988, and the wrongful death act of Alabama ... to support a cause of action for the damages claimed.

... In *Pollard v. United States*, D.C., 384 F.Supp. 304 (1974), the court held *inter alia* that the Alabama wrongful death statute can be incorporated by § 1988 into § 1983, citing as authority *Brazier v. Cherry, supra.*[4]

---

[4] In *Pollard*, however, no distinction was claimed or recognized between compensatory damages recoverable under Georgia wrongful death acts applicable in *Brazier* and punitive damages recoverable under the Alabama

wrongful death act applicable in *Pollard. Had that distinction been called to this Court's attention at that time, it would seem that this Court would probably have allowed recovery of only punitive damages pursuant to Alabama law.*

\*    \*    \*    \*    \*    \*

392 F.Supp. at 645, 646, n. 4 (emphasis added).

The statement in footnote four is dicta. It nevertheless indicates that punitive damages only are recoverable in a 1983 case in which the plaintiff is relying on the Alabama wrongful death act to maintain his claim. While the statement in footnote four is dicta, the express holding that the plaintiff's complaint was insufficient when seeking compensatory damages but not punitive damages is not dicta. Had the plaintiff not amended her complaint to seek punitive damages, the language of the opinion strongly implies that the complaint seeking only compensatory damages would be dismissed.

The court cannot, however, rest its analysis at this point. The policies of the Alabama statute and the federal statute must be examined in light of the proviso posited by the Supreme Court in *Robertson v. Wegmann*, 436 U.S. 584, 590, 98 S.Ct. 1991, 1995, 56 L.Ed.2d 554 (1978), that state law is to be applied "subject to the important proviso that state law may not be applied when it is 'inconsistent with the Constitution and laws of the United States.' "

"The policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Robertson, supra,* at 590, 591, 98 S.Ct. at 1995. The policies underlying the Alabama wrongful death act include "creating a new cause of action, punitive in character, for the benefit of the next of kin entitled to take as distributees of his estate," *Bruce v. Collier, supra* 221 Ala. at 23, 127 So. 553, "prevention of homicides through the deterrent value of the infliction of punitive damages," *James v. Murphy, supra* at 645, protecting human life, and stimulating diligence in the protection of the natural right to live. *Breed v. Atlanta,*

*B. & C.R.R. Co.*, 241 Ala. 640, 4 So.2d 315 (1941).

As is readily apparent, deterrence is a goal of both the federal statutes and the Alabama act. A tortfeasor who caused death by his actions would, if found liable under the Alabama wrongful death act, face a punitive damage award designed to punish him for his wrongful act. Such an award would be imposed against tortfeasors held liable for acts causing death, thus deterring future misconduct. Thus, the Alabama policy of protecting human life by deterring future misconduct is consistent with the federal policy of preventing abuses of power. The award of punitive damages effectuates both policies. The policies of the federal statutes and the Alabama statute, are, therefore, in no way inconsistent to the extent that each furthers the policy of preventing wrongful conduct.

The court is thus faced with this question, as plaintiff would pose it: whether the Alabama act should be rejected because it does not further the compensation policy of the federal act. The court finds that adoption of the Alabama act should not be rejected. It is clear that where the injured party is deceased, any damage award would not compensate *him* for his injuries, because the cruel fact is that he is no longer present to benefit from any damages awarded. No damage award could compensate him. No damage award could make him whole. An award could create a financial resource for paying the deceased medical bills, funeral expenses, etc. Thus, the only benefit the deceased would receive would be the incidental benefit that the beneficiaries of his estate would receive a greater amount than they would if the estate had to pay the deceased's medical expenses, etc. The policy of compensation is not a factor in death cases because the beneficiaries of such an award would be the same as the beneficiaries of an award of punitive damages—the next of kin, or other beneficiaries of the deceased's estate.[1] "The goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate." *Robertson v. Wegmann, supra*, 436 U.S. at 592, 98 S.Ct. at 1996.[2] Thus, the policies of the civil rights statutes are fully effectuated by an award of punitive damages, and plaintiff is in no way disadvantaged by being limited to a recovery of punitive damages.[3] The Alabama law should not be abandoned.

In *Robertson*, Louisiana's survival statute provided that an action survived only to certain named persons. The deceased died, leaving behind him none of the named persons. The action, therefore, abated. Plaintiff contended that Louisiana law should not apply and that the federal court should use federal common law to allow the action to be maintained. The Supreme Court held that Louisiana law was not so restrictive of the federal claim to require abandoning it in favor of federal law, stating:

It is true that § 1983 provides "a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitu-

1. Under Alabama law an award of punitive damages in a wrongful death case is distributed directly to the statutory distributees and do not become part of the deceased's estate. Ala. Code § 6–5–410(c) (1975). *Shirley v. Shirley*, 261 Ala. 100, 73 So.2d 77 (1954).

2. Perhaps a stronger argument could be made for compensatory damages if, under Alabama law, the damages were payable to the estate of the deceased as distinguished from being payable to statutory distributees.

3. The court notes that, in instances where a wrongful death action is brought against a municipality under 1983 in Alabama, the result reached in this case, coupled with the recent Supreme Court opinion in *City of Newport v.*

*Fact Concerts, Inc.*, —— U.S. ——, 101 S.Ct. 2748, 69 L.Ed.2d 619 (1981), which held that municipalities are immune from punitive damages in civil rights suits under 1983, bars recovery against municipalities for wrongful deaths caused by them in Alabama. An analogous situation developed with regard to Federal Tort Claim Act claims against the United States. The act, as originally drafted, prohibited recovery of punitive damages. Massachusetts law and Alabama law provided for recovery solely of punitive damages. The act was amended to remedy the situation. Absent amendment, the court expresses no opinion on how the inconsistency would be remedied in Alabama death cases under 1983.

tion and laws of the Nation." *Mitchum v. Foster,* supra, [407 U.S. 225] at 239 [92 S.Ct. 2151 at 2160, 32 L.Ed.2d 705]. That a federal remedy should be available, however, does not mean that a § 1983 plaintiff (or his representative) must be allowed to continue an action in disregard of the state law to which § 1988 refers us. A state statute cannot be considered "inconsistent" with federal law merely because the statute causes the plaintiff to lose the litigation. If success of the § 1983 action were the only benchmark, there would be no reason at all to look to state law, for the appropriate rule would then always be the one favoring the plaintiff, and its source would be essentially irrelevant. But § 1988 quite clearly instructs us to refer to state statutes; it does not say that state law is to be accepted or rejected based solely on which side is advantaged thereby. Under the circumstances presented here, the fact that Shaw was not survived by one of several close relatives should not itself be sufficient to cause the Louisiana survivorship provisions to be deemed "inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988.

436 U.S. at 593, 98 S.Ct. at 1996. The Louisiana law was obviously more restrictive than the Alabama wrongful death act under consideration in the case *sub judice.* And like the Louisiana survival statute under consideration in *Robertson,* the Alabama death act should not be disregarded and cannot be considered "inconsistent" with federal law merely because the statute provides for recovery of only punitive damages.

Plaintiff has made an additional argument that federal law is not deficient with respect to damages, citing numerous cases for the proposition that as a matter of federal common law both punitive damages and compensatory damages are recoverable. Plaintiff contends that since the federal common law is not deficient with respect to damages, there is no need to refer to Alabama law. These cases, however, are inapposite, and plaintiff's argument fails, because the cases upon which plaintiff relies involve factual situations in which the injured party was not killed by alleged wrongful acts. A different situation is presented where the injured party is killed by the alleged wrongful acts of a defendant. The fact that this case is a death case negates plaintiff's argument, because in non-death cases, federal law is not, as plaintiff rightfully contends, deficient. There is no gap in the federal remedy; and federal law does provide for recovery of both compensatory and punitive damages. In death cases, however, federal law *is* deficient. Reference must be made to state law. And, as *Robertson* teaches, unless the state law is unduly restrictive of the federal claim, the state law is to be applied. The foregoing discussion establishes that the Alabama act is not unduly restrictive of the federal claim.

In summary, the court finds that federal law is deficient with respect to survival, that the Alabama wrongful death act may be adopted by reference through § 1988, that the policies of the federal civil rights statutes and the Alabama wrongful death act are not inconsistent, and that the Alabama act should be adopted in toto. Compensatory damages are not available to a plaintiff maintaining a 1983 case in reliance on the Alabama wrongful death act. Plaintiff's Motion for Reconsideration will be denied. An Order consistent with this Memorandum Opinion will be contemporaneously entered.

The court notes that survivor claims under 42 U.S.C. § 1983 are often accompanied by pendant state claims resulting from the death of the alleged victim. The court's ruling will allow for consistent consideration of damages as to each claim.