682 So.2d 29 (1996)
CITY OF TARRANT, Alabama
v.
Melvin JEFFERSON, et al.
1941573.
Supreme Court of Alabama.
July 12, 1996.
Rehearing Denied August 30, 1996.
John W. Clark, Jr., Wayne Morse and David W. McDowell of Clark & Scott, P.C., Birmingham, for Appellant.
Dennis G. Pantazis and Brian M. Clark of Gordon, Silberman, Wiggins & Childs, P.C., Birmingham, for Appellees.
MADDOX, Justice.
Pursuant to Rule 5, Ala.R.App.P., we permitted the defendant City of Tarrant to appeal from an interlocutory order in which the trial court held that the question of the survivability of Alberta K. Jefferson's cause of action for compensatory damages under 42 U.S.C. § 1983 was governed by federal common law rather than by Alabama's Wrongful Death Act, § 6-5-410, Ala. Code 1975. The plaintiff Melvin Jefferson, Alberta's son, sues individually and as a personal representative for the estate of the decedent. He alleges that Tarrant firefighters, based upon a policy of selectively denying fire protection to minorities, purposefully refused to attempt to rescue and revive Alberta.

Facts
Melvin Jefferson claims that city firefighters violated Alberta Jefferson's civil rights, specifically that they intentionally, negligently, wantonly, or carelessly failed to attempt to extricate her from her burning house and thereby caused her wrongful death, a death that would be actionable under § 6-5-410, Ala. Code 1975. The defendant city moved for a judgment on the pleadings, specifically as to those claims seeking compensatory damages under 42 U.S.C. § 1983; the court denied the city's motion, and this Court permitted an appeal from the denial. The defendant city maintains that the question of the survivability of Alberta Jefferson's § 1983 cause of action against the municipality is governed by Alabama law rather than federal common law, and that the trial judge erred in holding otherwise when he denied the city's motion for a judgment on the pleadings.

Issue
Is the question of the survivability of Alberta Jefferson's cause of action for compensatory damages under 42 U.S.C. *30 § 1983 governed by federal common law or by reference to the Alabama Wrongful Death Act. This Court addressed this same issue in Carter v. City of Birmingham, 444 So.2d 373 (Ala.1983), cert. denied, 467 U.S. 1211, 104 S.Ct. 2401, 81 L.Ed.2d 357 (1984). Also see, Blair v. City of Rainbow City, 542 So.2d 275 (Ala.1989). This issue arises because no federal statute provides for the survivability of § 1983 claims; moreover, federal law prohibits a § 1983 award of punitive damages against a municipality,[1] and compensatory damages are not available under Alabama's Wrongful Death Act, which allows an award of punitive damages only.[2]

Analysis
The trial court was aware of this Court's holding in Carter, but held that Weeks v. Benton, 649 F.Supp. 1297 (S.D.Ala.1986), had, in effect, overruled Carter.
We have examined the principles of law stated in Weeks and have also re-examined the principles of law stated in Carter. We conclude that Carter correctly decided this issue. We should also note that the Supreme Court of the United States denied certiorari review of the Carter decision.
The rationale of Weeks appears to be that the application of § 6-5-410 in § 1983 actions is inconsistent with the Constitution and laws of the United States. The pertinent federal statute provides: "In all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause." 42 U.S.C. § 1988.
In Carter this Court, when confronted with this same issue, concluded that § 6-5-410 was not inconsistent with the Constitution and laws of the United States, citing Robertson v. Wegmann, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), which held that a § 1983 action would abate in accordance with Louisiana's survivorship statute. Carter is based in part upon Brown v. Morgan County, 518 F.Supp. 661 (N.D.Ala.1981), which held that compensatory damages are not recoverable in § 1983 actions based on Alabama's Wrongful Death Act. The Brown court distinguished the Brown case from Robertson by noting that the Louisiana abatement statute "[w]as obviously more restrictive than the Alabama wrongful death act" and that, "like the Louisiana survival statute under consideration in Robertson, the Alabama death act should not be disregarded and cannot be considered `inconsistent' with federal law merely because the statute provides for recovery of only punitive damages." Brown, 518 F.Supp. at 663-65, quoted in Carter, 444 So.2d at 377. Robertson states simply that state law applies in § 1983 actions seeking recovery for wrongful death unless, upon application of § 1988, it is found to unduly restrict the federal claim, Carter, 444 So.2d at 377, and it states that "[a] state statute cannot be considered `inconsistent' [or unduly restrictive] with federal law merely because the statute causes the plaintiff to lose the litigation." 436 U.S. at 593, 98 S.Ct. at 1996.
Furthermore, as noted earlier, the United States Supreme Court has held that a plaintiff cannot recover punitive damages against a municipality under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Therefore, as Carter states: "[S]tate law affords a remedy beyond that now permitted under federal lawpunitive damages. Thus, the application of state law ... does not, in substance, abrogate plaintiff's remedy against the city for violations of § 1983, but rather expands the recovery." Carter, 444 So.2d at 379 (emphasis omitted).
"The interests sought to be protected by the Alabama wrongful death statute closely parallel the interests to be protected where death results from violations [that give rise to liability under] § 1983. Thus, *31 the purpose of § 1983 is not defeated, nor are cities insulated from liability under § 1983, because the law of Alabama does recognize an analogous cause of action [§ 6-5-410, Ala. Code 1975], affording an appropriate remedy in death cases."
444 So.2d at 380 (emphasis omitted).
This Court held in Carter that § 6-5-410, Ala. Code 1975, is not inconsistent with the Constitution and laws of the United States. We reaffirmed that holding in Blair v. City of Rainbow City, 542 So.2d at 275 (Ala.1989). We have re-examined the principles of law stated in Carter and Blair, and we conclude that the holding in those cases is still sound. The order of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and SHORES, and KENNEDY, JJ., concur.
BUTTS, J., concurs in the result.
HOUSTON and COOK, JJ., dissent.
HOUSTON, Justice (dissenting).
I am faced with a dilemma. Should I adhere to the doctrine of stare decisis, knowing that the precedent upon which I rely (Tatum v. Schering Corp., 523 So.2d 1042, 1049-63 (Ala.1988)) was wrongly decided? To follow it would be to deny the plaintiff Melvin Jefferson a remedy. Or should I follow the law as I believe it to be, although what I believe the law to be is contrary to the opinion of the majority? To follow what I believe the law to be would afford Melvin Jefferson, as personal representative of the estate of Alberta K. Jefferson, deceased, a remedy through his action under 42 U.S.C. § 1983. If a constitutional doctrine was involved, I would follow Justice Scalia's dissent in BMW of North America, Inc. v. Gore, ___ U.S. ___, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), as I did in Ex parte Knotts, [Ms. 1950239, July 12, 1996], ___ So.2d ___ (Ala. 1996) (Houston, J., concurring in the result). In this case, no constitutional issue is involved; however, I am convinced that this Court has erroneously interpreted Ala. Code 1975, § 6-5-410 (to hold that only punitive damages can be recovered in wrongful death cases), and I cannot expand this erroneous interpretation of § 6-5-410 to § 1983 actions and deprive Melvin Jefferson (or other plaintiffs similarly situated) of a right to a remedy, which after much research and analysis, I wholeheartedly believe that he and those similarly situated have. Tatum v. Schering Corp., supra (Houston, J., dissenting). Therefore, I respectfully dissent.
COOK, Justice (dissenting).
I respectfully dissent. This Court should affirm the trial court's holding that application of the state's wrongful death statute in this fact situation would be inconsistent with the policy underlying the 42 U.S.C. § 1983 cause of action.
The majority's holding that Alabama's wrongful death statute determines whether Alberta Jefferson's § 1983 federal cause of action survives is based on this Court's opinion in Carter v. City of Birmingham, 444 So.2d 373 (Ala.1983), and Blair v. City of Rainbow City, 542 So.2d 275 (Ala.1989). I agree with the reasoning of Justice Jones and Justice Adams, who wrote specially in Carter and Blair, respectively, and who disagreed with the idea that Alabama municipalities are exempt from a wrongful death action under § 1983 because the state recognizes an analogous cause of action.
This Court in Carter, based on an analysis of Robertson v. Wegmann, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) (holding that a § 1983 action would abate in accordance with Louisiana's survivorship statute), and Brown v. Morgan County, 518 F.Supp. 661 (N.D.Ala.1981), determined that a close parallel exists between the interests being protected in actions brought under the Alabama Wrongful Death Statute and interests involved in cases where death results from violations that would give rise to liability under § 1983. Therefore, Carter reasoned, the purpose of § 1983 was not defeated, because under the Alabama Wrongful Death Act an appropriate remedy is provided in death cases.
The view more in accord with the policy of § 1983 is expressed in the more recent opinion *32 of Weeks v. Benton, 649 F.Supp. 1297 (S.D.Ala.1986). In Weeks, the administratrix of a deceased county jail inmate sued Baldwin County commissioners and others under § 1983, alleging violations of the inmate's rights. Judge Hand recognized in Weeks that (1) the Robertson holding was a narrow one, limited to situations in which the application of the state survivorship law does not adversely affect the § 1983 policies of compensation and deterrence, and (2) that the Robertson analysis could not defend the strict application of the state's wrongful death statute in cases where alleged wrongful acts of a municipality or county resulted in the decedent's death. Such an application would allow those entities to operate with immunity from § 1983 actions based on deprivations of constitutional rights, so long as the victims of those deprivations die. Weeks, 649 F.Supp. at 1305-06. Providing what is in essence partial immunity to municipalities in death cases is inconsistent with the § 1983 policy of deterrence. Addressing this issue, Judge Hand wrote:
"A strict application of the Alabama wrongful death statute in cases involving municipal or county liability cannot be justified under the Robertson Court's analysis. The Alabama statute provides for the recovery only of punitive damages, but municipalities and counties are immune from these damages in actions under § 1983. Thus, the strict application of the Alabama statute in such cases would result in the complete immunization of those entities from damages, at least in cases where the decedent's death resulted from their wrongful acts. Alabama municipalities and counties would know, in advance, that they would never be monetarily liable under § 1983 for acts that cause deprivations of constitutional rights as long as the victims die. The policy of deterrence of official misconduct that [underlies] § 1983 would obviously be severely undermined if the Alabama wrongful death statute is applied in a way that eliminates municipal and county liability in such cases. Moreover, § 1983's policy of compensating the victims of official misconduct would also be undermined. The Robertson Court specifically noted that its decision was not intended to `preclude recovery by survivors who are suing under § 1983 for injury to their own interests.'"
649 F.Supp. at 1305-06.
In Robertson, the decedent had no immediate survivors, so the executor was suing only on the estate's behalf. Alberta Jefferson has several survivors including the plaintiff Melvin Jefferson.
I agree with Justices Jones and Adams that "[w]e should either fashion a remedy allowing recovery of compensatory damages, or we should resort to the federal common law of survival, which allows compensatory damages as the appropriate relief." Carter, 444 So.2d at 380 (Jones, J., concurring in part and dissenting in part); Blair, 542 So.2d at 278 (Adams, J., concurring specially and quoting Justice Jones's statement). Moreover, because I also agree with the analysis in Weeks, that Alabama's wrongful death statute should not be held to foreclose the recovery of compensatory damages under § 1983, I respectfully dissent.
NOTES
[1] City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).
[2] See, e.g., Atkins v. Lee, 603 So.2d 937 (Ala. 1992).