Pursuant to Rule 5, Ala.R.App.P., we permitted the defendant City of Tarrant to appeal from an interlocutory order in which the trial court held that the question of the survivability of Alberta K. Jefferson's cause of action for compensatory damages under 42 U.S.C. § 1983 was governed by federal common law rather than by Alabama's Wrongful Death Act, § 6-5-410, Ala. Code 1975. The plaintiff Melvin Jefferson, Alberta's son, sues individually and as a personal representative for the estate of the decedent. He alleges that Tarrant firefighters, based upon a policy of selectively denying fire protection to minorities, purposefully refused to attempt to rescue and revive Alberta.
 Facts
Melvin Jefferson claims that city firefighters violated Alberta Jefferson's civil rights, specifically that they intentionally, negligently, wantonly, or carelessly failed to attempt to extricate her from her burning house and thereby caused her wrongful death, a death that would be actionable under § 6-5-410, Ala. Code 1975. The defendant city moved for a judgment on the pleadings, specifically as to those claims seeking compensatory damages under 42 U.S.C. § 1983; the court denied the city's motion, and this Court permitted an appeal from the denial. The defendant city maintains that the question of the survivability of Alberta Jefferson's § 1983 cause of action against the municipality is governed by Alabama law rather than federal common law, and that the trial judge erred in holding otherwise when he denied the city's motion for a judgment on the pleadings.
 Issue
Is the question of the survivability of Alberta Jefferson's cause of action for compensatory damages under 42 U.S.C. § 1983 *Page 30 
governed by federal common law or by reference to the Alabama Wrongful Death Act. This Court addressed this same issue in Carter v. City of Birmingham, 444 So.2d 373
(Ala. 1983), cert. denied, 467 U.S. 1211, 104 S.Ct. 2401,81 L.Ed.2d 357 (1984). Also see, Blair v. City of Rainbow City,542 So.2d 275 (Ala. 1989). This issue arises because no federal statute provides for the survivability of § 1983 claims; moreover, federal law prohibits a § 1983 award of punitive damages against a municipality,[1] and compensatory damages are not available under Alabama's Wrongful Death Act, which allows an award of punitive damages only.[2]
 Analysis
The trial court was aware of this Court's holding inCarter, but held that Weeks v. Benton, 649 F. Supp. 1297
(S. D. Ala. 1986), had, in effect, overruled Carter.
We have examined the principles of law stated inWeeks and have also re-examined the principles of law stated inCarter. We conclude that Carter correctly decided this issue. We should also note that the Supreme Court of the United States denied certiorari review of the Carter decision.
The rationale of Weeks appears to be that the application of § 6-5-410 in § 1983 actions is inconsistent with the Constitution and laws of the United States. The pertinent federal statute provides: "In all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause." 42 U.S.C. § 1988.
In Carter this Court, when confronted with this same issue, concluded that § 6-5-410 was not inconsistent with the Constitution and laws of the United States, citing Robertson v.Wegmann, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), which held that a § 1983 action would abate in accordance with Louisiana's survivorship statute. Carter is based in part uponBrown v. Morgan County, 518 F. Supp. 661 (N. D. Ala. 1981), which held that compensatory damages are not recoverable in § 1983 actions based on Alabama's Wrongful Death Act. The Brown court distinguished the Brown case from Robertson by noting that the Louisiana abatement statute "[w]as obviously more restrictive than the Alabama wrongful death act" and that, "like the Louisiana survival statute under consideration in Robertson, the Alabama death act should not be disregarded and cannot be considered 'inconsistent' with federal law merely because the statute provides for recovery of only punitive damages." Brown,518 F. Supp. at 663-65, quoted in Carter, 444 So.2d at 377.Robertson states simply that state law applies in § 1983 actions seeking recovery for wrongful death unless, upon application of § 1988, it is found to unduly restrict the federal claim, Carter, 444 So.2d at 377, and it states that "[a] state statute cannot be considered 'inconsistent' [or unduly restrictive] with federal law merely because the statute causes the plaintiff to lose the litigation." 436 U.S. at 593,98 S.Ct. at 1996.
Furthermore, as noted earlier, the United States Supreme Court has held that a plaintiff cannot recover punitive damages against a municipality under § 1983. City of Newport v. FactConcerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616
(1981). Therefore, as Carter states: "[S]tate law affords a remedy beyond that now permitted under federal law — punitive damages. Thus, the application of state law . . . does not, in substance, abrogate plaintiff's remedy against the city for violations of § 1983, but rather expands the recovery." Carter, 444 So.2d at 379 (emphasis omitted).
 "The interests sought to be protected by the Alabama wrongful death statute closely parallel the interests to be protected where death results from violations [that give rise to liability under] § 1983. Thus, *Page 31 
the purpose of § 1983 is not defeated, nor are cities insulated from liability under § 1983, because the law of Alabama does recognize an analogous cause of action [§ 6-5-410, Ala. Code 1975], affording an appropriate remedy in death cases."
444 So.2d at 380 (emphasis omitted).
This Court held in Carter that § 6-5-410, Ala. Code 1975, is not inconsistent with the Constitution and laws of the United States. We reaffirmed that holding in Blair v. City of RainbowCity, 542 So.2d at 275 (Ala. 1989). We have re-examined the principles of law stated in Carter and Blair, and we conclude that the holding in those cases is still sound. The order of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and SHORES, and KENNEDY, JJ., concur.
BUTTS, J., concurs in the result.
HOUSTON and COOK, JJ., dissent.
[1] City of Newport v. Fact Concerts, Inc., 453 U.S. 247,101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).
[2] See, e.g., Atkins v. Lee, 603 So.2d 937 (Ala. 1992).