The plaintiff, John William Bogle, appeals from a summary judgment granted in favor of the defendants, Robert S. Scheer, John Reid, Kenneth Hallford, and John Hendrix, in this action to recover damages for an unlawful indictment, arrest, and prosecution. We affirm.
The plaintiff was formerly an employee of the Alabama Department of Public Safety. All of the defendants are employees of that department. This action arose out of the indictment, arrest, and prosecution of the plaintiff for possession of controlled substances.
The plaintiff filed a five-count complaint in the Circuit Court of Mobile County. However, on appeal he has argued only that a summary judgment was not proper on the conspiracy count (count four). Because issues not argued in brief are waived,Humane Soc. of Marshall County v. Adams, 439 So.2d 150
(Ala. 1983), our review is limited to whether the summary judgment was proper on the conspiracy count.
The plaintiffs' complaint, in pertinent part, reads as follows:
"FOURTH CAUSE OF ACTION
 "1. During the latter half of calendar year 1983 and continuing through May 21, 1984, the Defendants did intentionally conspire to deprive the Plaintiff of his liberty by procuring indictments against him on charges of possession of phenobarbitol, possession of codeine, and possession of diazepam, which said indictments had no basis in law or in fact, by procuring the arrest of the Plaintiff subsequent to the aforesaid indictments, and by continuing the prosecution of said indictments maliciously and without probable *Page 1338 
cause therefor. Said indictments were dismissed on May 21, 1984, for want of prosecution.
 "2. The purpose of said conspiracy was to cause damage to the reputation of the Plaintiff and to cause the Plaintiff to suffer the loss of his livelihood. The overt acts resulting in damage to the Plaintiff were as follows:
 "By concerted action, during the latter half of calendar year 1983 and continuing through May 21, 1984, the Defendants did procure the indictment, arrest and prosecution of the Plaintiff without probable cause therefor.
 "3. As a proximate result of the aforesaid conspiracy, the Plaintiff suffered damage to his reputation, the loss of his position as a State Trooper, great humiliation, mental suffering and anguish."
The following affidavits were submitted in support of the defendants' motions for summary judgment:
Chris N. Galanos:
 "My name is Chris N. Galanos and I am the District Attorney of Mobile County, Alabama and have held that office during all times material to the litigation in connection with which this Affidavit is given.
 "Investigation by the Alabama Bureau of Investigation into the facts leading to the indictment of Mr. Bogle on various charges was initiated at my request as District Attorney. In my official capacity as District Attorney, allegations were brought to my attention concerning the Plaintiff's activities in Mobile County as they related to one Louis Chapelle.[1] Since these allegations concerned possible wrongdoing by an employee of the Department of Public Safety, I relayed this information to the Alabama Bureau of Investigation which followed what I understand to be its normal and customary practice of conducting an investigation. After reviewing and analyzing the evidence against Mr. Bogle it was my opinion that there was probable cause to believe that he was guilty of the various offenses for which he was ultimately indicted. Based upon that independent determination, I presented the facts to a grand jury which likewise found probable cause and returned the indictment against Mr. Bogle.
 "Concerning disposition of the charges against Mr. Bogle for possession of controlled substances, on May 21, 1984 a jury was empaneled to hear the case. By agreement of the parties, this jury was struck without prejudice following which a hearing was held on Mr. Bogle's motion to suppress evidence in the form of the controlled substances which we intended to introduce at trial. At the conclusion of that hearing, the trial judge ruled that, in view of the death, following indictment but prior to trial, of a witness who was critical to the chain of evidence, the State could not prove a proper chain of custody linking the drugs in question to Mr. Bogle. Based upon that ruling, the State moved to have the charges against Mr. Bogle nol-prossed."
Kenneth Hallford:
 "My name is C.K. Hallford and I am one of the Defendants in the case in which this affidavit is submitted.
 "During all times material to the Plaintiff's Complaint, I was an employee of the Alabama Department of Public Safety. At the time, I was a sergeant holding the position of assistant commander of the intelligence unit of the Alabama Bureau of Investigation, a division of the Department of Public Safety. In that capacity I served as a sworn law enforcement officer and continue to so serve although my rank is now that of Lieutenant.
 "In my official capacity as a law enforcement officer I was contacted in Montgomery by the District Attorney of Mobile County concerning allegations of possible wrongdoing on the part of the Plaintiff in connection with his relation to *Page 1339 
Calvin Louis Chappelle. Upon receipt of that request, I relayed the information through my chain of command to the Director of the Department of Public Safety. Thereafter, an investigation was performed in cooperation with the District Attorney of Mobile County who, I am informed, presented the results of that investigation to a grand jury which in turn indicted the Plaintiff on various charges which are the basis of this lawsuit."
Robert S. Scheer:
 "My name is Robert S. Scheer and I am one of the Defendants in the case in which this affidavit is submitted.
 "During all times material to the Plaintiff's Complaint, I was an employee of the Alabama Bureau of Investigation, a Division of the Department of Public Safety. I was employed in the capacity of a State Trooper and was a sworn law enforcement officer which position I continue to occupy to date.
 "In my official capacity as a law enforcement officer I participated in an investigation of allegations concerning the Plaintiff's activities in Mobile as they related to one Calvin Louis Chappelle and the Plaintiff's involvement with Mr. Chappelle's arrest. It is my understanding that the investigation was initiated at the request of Chris N. Galanos, District Attorney in Mobile County. Mr. Galanos made his request for the investigation to then Sgt. C.K. Hallford who was my supervisor at that time and who was assistant commander of the intelligence unit of the Alabama Bureau of Investigation, a division of the Department of Public Safety. The results of the investigation were given to Mr. Galanos who, I am informed, presented that information to a grand jury.
 "The Plaintiff was subsequently indicted by a Mobile County grand jury on various drug related charges and, pursuant to a warrant which was issued based upon that indictment, I assisted in the arrest of the Plaintiff."
John Hendrix:
 "Comes now John Hendrix, after having been duly sworn, who deposes and says as follows:
 "My name is John Hendrix. I am one of the Defendants in the above-styled case.
 "During all times referred to in the Plaintiff's complaint I was an employee of the Alabama Department of Public Safety. I was employed in the position of Lieutenant and was a sworn law enforcement officer. I continue to occupy this position today.
 "In my official capacity as a law enforcement officer I participated in an investigation of an allegation by John Bogle that someone had been hired to kill him. Information uncovered during this investigation led to an investigation of an incident involving the arrest of Lewis Chappelle. It is my understanding that the investigation was initiated at the request of Chris Galanos, District Attorney in Mobile County. The results of the investigation were given to Mr. Galanos. Mr. Galanos presented the evidence uncovered in the investigation to a grand jury.
 "The Plaintiff was subsequently indicted by a Mobile County Grand Jury on various drug related charges and, pursuant to a warrant which was issued based upon that indictment, the Plaintiff was arrested. I had no involvement in the arrest of the Plaintiff.
 "All of the above statements are based on personal knowledge and are true and correct."
John Reid:
 "Comes now John R. Reid, after having been duly sworn, who deposes and says as follows:
 "My name is John R. Reid. I am one of the Defendants in the above-styled case.
 "During all material times referred to in the Plaintiff's Complaint I was an employee of the Alabama Department of Public Safety. I was employed in the capacity of a state trooper and was a sworn law enforcement officer. I continue to occupy this position today. *Page 1340 
 "In my official capacity as a law enforcement officer I aided in the arrest of the Plaintiff. The only involvement I had in any investigation concerning the Plaintiff was researching property records to determine who owned the property where he had lived and researching police reports to determine what complaints had been filed involving the Plaintiff. It is my understanding that the investigation of the Plaintiff was originally initiated at the request of the District Attorney of Mobile County. I had no further involvement in this investigation.
 "The Plaintiff was subsequently indicted by a Mobile County Grand Jury on various drug related charges and, pursuant to a warrant which was issued based upon that indictment, I assisted in the arrest of the Plaintiff.
 "All of the above statements are based on personal knowledge and are true and correct."
A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain v. Phillips,404 So.2d 614 (Ala. 1981). Once the defendants made a prima facie showing that the plaintiff's allegations were unsubstantiated, the burden was on the plaintiff in this case to present at least a scintilla of evidence in support of each element of his cause of action. The plaintiff testified during his deposition that he had no evidence to support his allegation that John Reid and John Hendrix conspired against him. We have also carefully reviewed the remainder of the record and have found no evidence tending to show that any of the defendants combined to injure the plaintiff as he claims. See Sadie v. Martin,468 So.2d 162 (Ala. 1985). Speculation and conclusory allegations are insufficient to create a genuine issue for trial. Arringtonv. Working Woman's Home, 368 So.2d 851 (Ala. 1979); Fullman v.Graddick, 739 F.2d 553 (11th Cir. 1984).
For the foregoing reasons the summary judgment granted in favor of the defendants is affirmed.
AFFIRMED.
MADDOX, ALMON, BEATTY and ADAMS, JJ., concur.
[1] We note that Galano's affidavit spells this name LouisChapelle, while other affidavits use the spellings Lewis andChappelle.