542 So.2d 275 (1989)
Robert E. BLAIR, as administrator of the Estate of Donald Ricky Blair, deceased
v.
CITY OF RAINBOW CITY, et al.
87-1203.
Supreme Court of Alabama.
March 10, 1989.
Leon Garmon, Gadsden, for appellant.
Elizabeth S. Parson of Hereford, Blair, Holladay & Parson, Pell City, and James C. Inzer, Jr. of Inzer, Suttle, Swann & Stivender and James E. Turnbach of Pruett, Turnbach & Warren, Gadsden, for appellees City of Rainbow City, Larry Gilbreath and Roy Perkins.
David S. Hassinger of Porter, Porter & Hassinger, Birmingham, Donald R. Rhea of Rhea, Boyd & Rhea, Gadsden, for appellees Town of Steele, Ala., and Austin Nash.
MADDOX, Justice.
This case presents for our consideration the question of when a police officer involved in a high speed chase of an offender can be liable for injuries caused by the fleeing offender. The case also presents the question of whether a 42 U.S.C.A. § 1983 action can be maintained against a municipality or its police officers when the alleged wrongful conduct of the fleeing offender results in someone's death.
Donald Ricky Blair (hereinafter "Ricky") died from injuries sustained when his motorcycle left the road after he had engaged the police of Rainbow City and the Town of Steele in an extensive high-speed chase. Robert E. Blair, as administrator of Ricky's estate, sued the officers and the two municipalities, alleging wrongful death and civil rights violations under 42 U.S.C. § 1983. *276 The trial court entered summary judgment for all of the defendants. We affirm.
The evidence before the trial court tended to show the following: On Saturday, May 11, 1985, at approximately 10:00 p.m., Officer Austin Nash of the Steele Police Department spotted Ricky on his motorcycle at the Steele exit on Interstate Highway 59 in St. Clair County; Nash clocked the motorcycle with his radar gun at 64 miles per hour in what was then a 55 miles-per-hour zone. Nash followed the motorcycle northbound on Interstate 59 and activated his blue lights and siren. Ricky made no apparent attempt to stop or slow down. Nash pursued Ricky to the Rainbow City exit in Etowah County, traveling at speeds up to 120 miles per hour during the chase along the interstate highway. Ricky exited onto Highway 77; Rainbow City police officers Larry Gilbreath and Roy Perkins also joined in the chase. After making several turns, Ricky's motorcycle left the road at a curve, and Ricky was critically injured. He died three days later.
Plaintiff first alleges that the police officers acted negligently and that their negligence was the proximate cause of Ricky's death. The trial court ruled that Ricky's own actions were the proximate cause of his death, as a matter of law. Since this action was filed prior to June 11, 1987, the effective date of Ala.Code 1975, § 12-21-12, the "scintilla rule" is the standard for determining the propriety of the trial court's entry of summary judgment. "If there is any evidence supporting the position of the party against whom the motion is made, summary judgment cannot be granted." Boswell v. Coker, 519 So.2d 493, 495 (Ala.1987).
Appellant contends that summary judgment was improper because he submitted testimony of an expert witness that the failure of Rainbow City and the Town of Steele to have a written policy regarding high-speed chases was negligence. We need not, in this case, decide whether the failure of the municipalities to have a written policy concerning high speed chases is, or is not, some evidence of negligence, because, in this case, there is no evidence to show that the failure of the municipalities to have a written policy was a contributing factor in Ricky Blair's death.
This Court stated, in Doran v. City of Madison, 519 So.2d 1308, 1312 (Ala. 1988), that "the mere fact that a police officer exceeds the maximum speed limit during a pursuit, such as the one in the present case, does not present a genuine issue of material fact as to the liability of that officer for negligence." This Court also stated in Madison v. Weldon, 446 So. 2d 21 (Ala.1984):
"`The rule governing the conduct of [a] police [officer] in pursuit of an escaping offender is that he must operate his car with due care and, in doing so, he is not responsible for the acts of the offender. Although pursuit may contribute to the reckless driving of the pursued, the officer is not obliged to allow him to escape.'"
446 So.2d at 28 (quoting City of Miami v. Horne, 198 So.2d 10, 13 (Fla.1967)). (Emphasis added.)
In both Doran and Madison, the issue was whether the officers were liable for injuries inflicted on a third party by the fleeing offender. This case involves injuries suffered by the offender himself. If pursuing officers are not responsible for the actions of the offender if the fleeing offender injures a third party, it is only logical to conclude that officers are also not responsible for the actions of the fleeing offender when he injures himself, as is the case here. The evidence is without contradiction that Ricky could have slowed down and stopped at any time during the chase; the choice to speed and drive recklessly to evade capture was Ricky's alone. The plaintiff would have us require police officers to allow a fleeing offender to escape if the offender exceeds the speed limit; Doran and Madison have clearly rejected this contention.
We recognize that other jurisdictions have a different rule. See, Biscoe v. Arlington County, 738 F.2d 1352 (D.C.Cir. 1984), cert. denied, 469 U.S. 1159, 105 S.Ct. 909, 83 L.Ed.2d 923 (1985); Stark v. City of Los Angeles, 168 Cal.App.3d 276, 214 *277 Cal.Rptr. 216 (1985); Brummett v. Sacramento County, 21 Cal.3d 880, 148 Cal. Rptr. 361, 582 P.2d 952 (1978); Tetro v. Town of Stratford, 189 Conn. 601, 458 A.2d 5 (1983); Fiser v. City of Ann Arbor, 417 Mich. 461, 339 N.W.2d 413 (1983).
The plaintiff also argues that there was at least a scintilla of evidence of the officers' alleged negligence because there was evidence that a skid mark was found three days after the accident and, he argues, this evidence was some proof that the officers forced Ricky off the road.
Officer Gilbreath states in his affidavit, deposition, and sworn interrogatory answers that he never got within 100 yards of the motorcycle. He said he was approximately 100 yards behind Blair when the motorcycle veered off the pavement. The testimony of officer Gilbreath is not controverted by any other evidence.
The plaintiff offered Martin Crawford as an accident reconstruction expert. Crawford, however, stated affirmatively:
"There is no evidence at the scene to conclusively state that the police car did force the motorcycle off the road."
There is no evidence at all to show that the skid mark was made by Officer Gilbreath's police unit, nor is there any evidence to prove that the skid mark was created at the time of the accident.
"Speculation and conclusory allegations are insufficient to create a genuine issue for trial." Bogle v. Scheer, 512 So.2d 1336, 1340 (Ala.1987). All the evidence before the trial judge indicates that none of the officers was within 100 yards of Ricky at the time of the crash and that the officers did nothing to cause the crash other than to pursue Ricky. The mere fact that a skid mark was found, without more, cannot give the plaintiff a right to a trial, even under the scintilla rule.
Plaintiff also alleges that the police officers' actions deprived Ricky of his civil rights under 42 U.S.C. § 1983. Insofar as the municipalities are concerned, this legal issue was presented and addressed thoroughly in Carter v. City of Birmingham, 444 So.2d 373 (Ala.1983), cert. denied, 467 U.S. 1211, 104 S.Ct. 2401, 81 L.Ed.2d 357 (1984). There, this case held that a decedent's administrator could not recover for an alleged deprivation of the decedent's civil rights under § 1983:
"The interests sought to be protected by the Alabama wrongful death statute closely parallel the interests to be protected where death results from violations of § 1983. Thus, the purpose of § 1983 is not defeated, nor are cities insulated from liability under § 1983, because the law of Alabama does recognize an analogous cause of action, affording an appropriate remedy in death cases. Brown v. Morgan County, [518 F.Supp. 661 (N.D.Ala.1981)]. Therefore, we affirm the grant of summary judgment with regard only to plaintiff's § 1983 claim for compensatory and punitive damages against the City of Birmingham." (Emphasis in original.)
444 So.2d at 380.
Our case of Carter v. City of Birmingham is consistent with the case of Robertson v. Wegmann, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), which held that federal civil rights laws are deficient in not providing for survival. Thus, the trial court's summary judgment in favor of the two municipalities was correct.
As for the individual police officers, they cannot be held liable for these alleged § 1983 violations, because, even assuming that the officers were negligent, mere negligent conduct by a state official does not constitute a deprivation of life or liberty within the meaning of the due process clause and, thus, cannot be a violation of § 1983. Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986); Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986).
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON and STEAGALL, JJ., concur.
ADAMS, J., concurs specially.
*278 ADAMS, Justice (concurring specially).
Although recused in Carter v. City of Birmingham, 444 So.2d 373 (Ala.1983), I do not agree with the Court's holding in that case and its continued use as precedent (that an Alabama municipality is exempt from a wrongful death action under 42 U.S.C. § 1983 because state law recognizes an analogous cause of action). Under this rule of law, to this extent, we give § 1983 no field of operation, and we invite reckless conduct by a municipality, which need not fear the sanction of § 1983 for wrongful death. As Justice Jones states in his dissent in Carter, "[w]e should either fashion a remedy allowing recovery of compensatory damages, or we should resort to the federal common law of survival, which allows compensatory damages as the appropriate relief." Carter, 444 So.2d at 380.