Robert Hence Seals, individually and as the administrator of his daughter's estate, sued the City of Columbia and one of its police officers, Stanley E. Cook, alleging, in pertinent part, as follows:
 "On October 29, 1988, and at all times complained of herein, Defendant Cook was employed as a police officer of Defendant City of Columbia and was acting within the course and scope of his employment in pursuit of the City's business as to all matters complained of.
 "On October 29, 1988, the Plaintiff's decedent was operating a motor vehicle engaged in travel along Alabama State Highway No. 52 in Houston County, Alabama, and was struck head-on by a vehicle being operated by Jimmy H. Watford.
 "At the time of said collision, Jimmy Watford's vehicle was being pursued at high speeds by . . . Defendant Cook, who was on duty as a patrolman for Defendant Columbia.
 "[Defendant Cook], in pursuing Watford, exceeded proper and rational bounds and negligently and/or wantonly operated his vehicle, [and,] as a proximate result, the automobile operated by Watford crashed into the automobile operated by Plaintiff's decedent, resulting in injuries that caused her death.
 "Defendant Columbia . . . negligently, wantonly, and recklessly failed to adequately train, supervise or control Defendant Cook and failed to adopt and enforce appropriate policies and procedures to govern the conduct of its law enforcement officers in high-speed pursuits.
 "The alleged wrongful conduct, negligence and wantonness of each Defendant combined and concurred to cause the damages complained of herein."
The trial court granted the defendants' motion to dismiss on the ground that Seals's complaint failed to state a claim upon which relief could be granted. The pertinent portion of the trial court's order is as follows:
 "The issue before the Court on this Motion To Dismiss is whether or not law enforcement officers and/or the governmental entities by whom they are employed may be held liable for injuries caused by a third party escaping traffic offender with whom such officers are involved in a high speed chase. It appears that Doran v. City of Madison, 519 So.2d 1308 (Ala. 1988), and Blair v. *Page 1063 City of Rainbow City, 542 So.2d 275 (Ala. 1989), provide determinable principles in this case.
 "The Court finds that under the Doran and Blair
cases neither law enforcement officers nor the governmental entities by whom they are employed may be found liable for the acts of an escaping offender whom they are in pursuit of even though such pursuit may have contributed to the reckless driving of such fleeing offender. Without allegations or facts giving rise to physical contact between the vehicle of Plaintiff and the officers or some form of direct causation, the conduct of the pursuing officers would not be a proximate cause of the Plaintiff's injuries and damages."
Seals appealed. We reverse and remand.
The standard of review applicable to motions to dismiss is well settled:
 "It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 "Where a 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala. 1982)."
Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985). (Emphasis in original.)
The defendants contend that the trial court correctly dismissed Seals's complaint. They argue that in order to state a claim upon which relief could be granted, Seals had to specifically allege that Officer Cook's vehicle came into contact with the vehicle in which his daughter was riding or that Officer Cook otherwise "directly" caused his daughter's death.
Seals contends that his complaint was sufficient to state a claim upon which relief could be granted. He argues that it was premature for the trial court to enter a judgment for the defendants as a matter of law. We agree.
In Madison v. Weldon, 446 So.2d 21 (Ala. 1984), this Court held that, in the absence of proof of a lack of due care on the part of a police officer in operating his vehicle, a causal connection between the officer's pursuit of an offender and the injuries sustained by, or the death of, a third party involved in a collision with the fleeing offender could not be established. The rule regarding the conduct of a police officer in pursuit of a fleeing offender was succinctly stated as follows:
 " 'The rule governing the conduct of [a] police [officer] in pursuit of an escaping offender is that he must operate his car with due care and, in doing so, he is not responsible for the acts of the offender. Although pursuit may contribute to the reckless driving of the pursued, the officer is not obliged to allow him to escape.' "
446 So.2d at 28, quoting City of Miami v. Horne, 198 So.2d 10
(Fla. 1967). By its holding, this Court recognized that a lack of due care on the part of a police officer in operating his vehicle could be the proximate cause of the injuries sustained by, or the death of, a third party involved in a collision with the fleeing offender. In accord, see Blair v. City of RainbowCity, *Page 1064 542 So.2d 275 (Ala. 1989), and Doran v. City of Madison,519 So.2d 1308 (Ala. 1988).[1]
Neither Madison v. Weldon, nor Blair v. City of Rainbow City, nor Doran v. City of Madison stands for the proposition that in order to state a claim upon which relief could be granted, Seals had to specifically allege that Officer Cook's vehicle came into contact with the vehicle in which his daughter was riding or that Officer Cook otherwise "directly" caused his daughter's death. Seals alleged that Officer Cook negligently or wantonly operated his police vehicle while in pursuit of Jimmy Watford and that Cook's negligence or wantonness was a proximate cause of his daughter's death. Seals also alleged that the City of Columbia had negligently or wantonly failed to train or supervise Officer Cook and that its negligence or wantonness in this regard caused his daughter's death. These allegations were sufficient under our rules of notice pleading to put the defendants on notice of the claims against them.[2] As this Court noted in Sanders v. Judson College,514 So.2d 890, 891-92 (Ala. 1987), "[h]owever unlikely it may appear that [the] plaintiff can prove his case, the appropriate inquiry at this stage in the proceedings is the sufficiency of [the] plaintiff's allegations, not the sufficiency of his proof in support thereof." (Emphasis in original.)
We cannot say, as a matter of law, that Seals can prove no set of facts that would entitle him to relief; consequently, the judgment is due to be, and it is hereby, reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] In Blair v. City of Rainbow City and Doran v. City of Madison, the undisputed evidence showed that the police officers had exercised due care in pursuing the offenders; accordingly, the defendants in those cases were entitled to judgments as a matter of law.
[2] Interestingly, the defendants made the following statements in their brief:
 "It is true that, as [Seals] argues, a lack of a collision between Officer Cook and [Seals's daughter] does not negate proximate cause. However, [Seals] did not suggest or allege any other form of direct causation on the part of Officer Cook."
 "A police officer's actions in pursuing an escaping offender could, under certain circumstances, be the direct cause of injury to a third party involved in a collision with the offender. For example, if an officer intentionally rammed or chased a fleeing offender's vehicle into a third party's vehicle to prevent the offender's escape, then the actions of the officer could be held the proximate cause of any resulting injury to the third party."