The plaintiffs appeal from a dismissal of their complaint. The defendants — CH W Excavating Company, Carl Walker, Betty Walker, and Raiford Poe Logging — had moved to dismiss on the grounds that the plaintiffs, Donnie Ray Garner and Glenda Ann Garner, had failed to properly amend their complaint. The trial court's final judgment of dismissal reads, in pertinent part, as follows:
 "Having considered the pleadings, the court file, the law and arguments of counsel, the Court finds that the Complaint as last amended, filed against the . . . defendants, together with all its clauses and paragraphs, fails to state a cause of action against said named defendants, and should be and hereby is dismissed."
The Garners contend that the trial court erroneously dismissed as to Count 2 (trespass) and Count 3 (nuisance).
The well settled law in Alabama as it relates to the standard of review applicable to motions to dismiss is set forth inSeals v. City of Columbia, 575 So.2d 1061 (Ala. 1991), quoting from Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985):
 " 'It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 " 'Where a 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala. 1982).' "
(Emphasis in original.)
The defendants contend that the trial court correctly dismissed the Garners' *Page 1277 
amended complaint. They contend that the amended complaint failed to state a cause of action against the defendants on the theory of nuisance or trespass by the hauling of logs by Raiford Poe Logging or the hauling of gravel by CH W Excavating Company, Carl Walker, and Betty Walker, causing dust emissions or micro-particulates to be deposited on the Garners' property as the defendants' trucks operated along the access strip of land in question. The defendants also contend that the amended complaint failed to allege any facts that would support a verdict against any of the defendants.
Although the Garners' brief at times is somewhat difficult to follow, it appears that they are arguing that the trial court prematurely entered judgment for the defendants as a matter of law. They contend that their amended complaint was sufficient to state a claim upon which relief could be granted and that the trial court, therefore, erroneously granted the defendants' motion to dismiss. We agree.
Counts 2 and 3 of the amended complaint read as follows:
 "2. The [Garners] incorporate paragraphs 2-6 into this Amended Complaint including all exhibits, and further state that Carl Walker 
Son, an excavating company, and [Raiford] Poe Logging did trespass on the land of the Garners in the following way:
 "(A) That micro-particulates of dust did travel onto the land of the Garners and create such a dust storm that no house could be built on the said property and further, the density of the micro-particulates of dust was so great that a heavy density where the land cannot be used for its intended purpose i.e. residential purposes, is a trespass on the land, and with such a heavy density of dust it would be impossible to meet any guidelines of the Environmental Protection Agency, federal or state.
 "(b) That Carl Walker Sons, an excavating Co., and [Raiford] Poe Logging Co., did trespass on the land of the Garners in particular the strip of land from the end of the alleged 23 [foot] strip which was only 420 feet out of 436.5 feet bought by the Garners and deeded to the Garners in their deed [sic]. (See Exhibit A [omitted from this opinion].)
 "(c) That Carl Walker Sons did receive notice of trespass on the land, and that Carl Walker did threaten Donnie R. Garner, Plaintiff, that if he tried to stop him (Walker) from hauling and running trucks across the said land that he, Carl Walker would charge the Garners $1000 a day after Mr. Walker sued the Garners. (See Affidavit, Exhibit I [omitted from this opinion].) Mr. Walker stated to Donnie Garner, if you stop me from hauling I will sue you for a $1000 a day. Mr. Garner informed Mr. Walker that he was trespassing on the Garners' land but Mr. Walker claimed he had permission from the Emersons to use the land to haul and run his trucks.
 "(d) That the Defendants jointly and severally owe damages to the Garners for trespass on their land to the amount of $75,000 because they cannot use the land for residential purposes because this is not just an easement of running a few trucks but a commercial operation of constantly running trucks daily and the said trucks are hauling dirt to the new truck stop being built near Highway 20, 59, when this said property is not the only outlet to the road to deliver dirt.
 "3. (a) That the dust storm and unbearable density of dust did create such an enormous private nuisance due to the commercial hauling of dirt by Carl Walker's trucks in a residential area that the [Garners] and their grandmother were unable to live in the area and the [Garners] could not start building a home and the grandmother was unable to move a trailer on the residential property since the land was not fit for residential purposes. (See Exhibit L, composite, clearly showing the dust that was being produced by the dirt hauling trucks when there was no rain [exhibit omitted from this opinion]). That the dust is not a small amount of dust, but actually a dust storm created by the constantly moving of commercial trucks across the said property. That there was no road across *Page 1278 
the said land until the Garners excavated the land in preparation to use the land for residential purposes (see Exhibit M and C [omitted from this opinion]), but the [Garners] had to stop any plans to build a home when Carl Walker's trucks were making commercial hauls of dirt creating a nuisance of dirt, dust, and micro-particulates on the [Garners'] land.
 "(b) The private nuisance is not only creating a lot of dust but the movement of Carl Walker's commercial dirt trucks created an enormous amount of noise which should not be in a residential area."
These allegations were sufficient under our rules of notice pleading to put the defendants on notice of the claims against them.
 "However unlikely it may appear that [the] plaintiff can prove his case, the appropriate inquiry at this stage in the proceedings is the sufficiency of [the] plaintiff's allegations, not the sufficiency of his proof in support thereof."
Sanders v. Judson College, 514 So.2d 890, 891-92 (Ala. 1987), quoted as authority in Seals v. City of Columbia, supra. (Emphasis in original.)
We cannot say, as a matter of law, that the Garners can prove no set of facts that would entitle them to relief; therefore, the judgment is due to be, and it is hereby, reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.