641 So.2d 1247 (1994)
Robert Hence SEALS, individually and as administrator of the Estate of Misty Michelle Seals, deceased
v.
CITY OF COLUMBIA and Stanley E. Cook.
1920237.
Supreme Court of Alabama.
May 6, 1994.
*1248 Patrick M. Lavette of Hare, Wynn, Hewell & Newton, Birmingham, for appellant.
Herman Cobb of Buntin, Cobb & Shealy, P.A., Dothan, for appellees.

ON APPLICATION FOR REHEARING
PER CURIAM.
The opinion of June 25, 1993, is withdrawn and the following is substituted therefor.
The plaintiff, Robert Hence Seals, individually and as administrator of the estate of Misty Michelle Seals, appeals from a summary judgment entered in favor of the defendants, the City of Columbia and Stanley E. Cook.
This is the second time this case has come before this Court. In Seals v. City of Columbia, 575 So.2d 1061 (Ala.1991), an appeal from a dismissal, Justice Houston set forth the facts as follows:
"Robert Hence Seals, individually and as the administrator of his daughter's estate, sued the City of Columbia and one of its police officers, Stanley E. Cook, alleging, in pertinent part, as follows:
"`On October 29, 1988, and at all times complained of herein, Defendant Cook was employed as a police officer of Defendant City of Columbia and was acting within the course and scope of his employment in pursuit of the City's business as to all matters complained of.
"`On October 29, 1988, the Plaintiff's decedent was operating a motor vehicle engaged in travel along Alabama State Highway No. 52 in Houston County, Alabama, and was struck head-on by a vehicle being operated by Jimmy H. Watford.
"`At the time of said collision, Jimmy Watford's vehicle was being pursued at high speeds by ... Defendant Cook, who was on duty as a patrolman for Defendant Columbia.
"`[Defendant Cook], in pursuing Watford, exceeded proper and rational bounds and negligently and/or wantonly operated his vehicle, [and,] as a proximate result, the automobile operated by Watford crashed into the automobile operated by Plaintiff's decedent, resulting in injuries that caused her death.
"`Defendant Columbia ... negligently, wantonly, and recklessly failed to adequately train, supervise or control Defendant Cook and failed to adopt and enforce appropriate policies and procedures to govern the conduct of its law enforcement officers in high-speed pursuits.
"`The alleged wrongful conduct, negligence and wantonness of each Defendant combined and concurred to cause the damages complained of herein.'"
575 So.2d at 1062. In reversing the dismissal, Justice Houston stated, "By [its holding in Madison v. Weldon, 446 So.2d 21 (Ala. 1984) ], this Court recognized that a lack of due care on the part of a police officer in operating his vehicle could be the proximate cause of the injuries sustained by, or the death of, a third party involved in a collision with the fleeing offender." 575 So.2d at 1063.
After the remand of this case, the parties moved on to discovery and, thereafter, the defendants moved for a summary judgment. In support of their motion, the defendants offered Cook's deposition, wherein he responded as follows to questions regarding the proper procedure when a roadblock has been set up to apprehend a fleeing offender:
"Q. What do you do once you're advised that a roadblock is set up?
"A. Once you are advised that a roadblock is set, you back ... off in hopes that [the fleeing offender] will slow down rather than run straight into the roadblock and cause a collision.
"Q. What is involved in backing off?

*1249 "A. "... [Y]ou cut your lights off, you cut your siren off, just completely back out of the chase scene yourself."
Cook also stated that as soon as he was notified of the roadblock, he stopped pursuing the automobile driven by Watford and cut off his siren and blue lights.
In opposition to the motion for summary judgment, Seals offered the affidavit of an eyewitness, who said that the officer appeared to be in continued pursuit of the vehicle at the 74-mile marker, where Cook had contended that he had abandoned the pursuit. The eyewitness further said that the siren and blue lights were engaged when he witnessed the officer in pursuit. He stated:
"I was standing about 25 to 30 feet from the road and the moon was full. I heard a siren coming from the direction of Columbia and could hear a car engine accelerating and decelerating on the hills and curves as it approached. I saw a car go by without its headlights on, and it was traveling at a very high rate of speed, approximately 100 m.p.h. This car looked to be a Camaro or Trans Am. A Columbia police car was behind and in pursuit of this car. The police car was going the same speed as the car without lights. The police car had on its blue lights, was running its siren, and appeared to be in full pursuit of the other car."
Seals also offered an expert witness, who testified that Cook negligently operated his police car during the pursuit. By affidavit, the expert stated:
"I have previously given deposition testimony in this case, expressing my opinion that Officer Stanley Cook, on the night of the accident in question, was acting in a negligent and wanton manner and that his actions went beyond all prudent and rational bounds in his pursuit of Jimmy Watford.... In my opinion, Officer Cook should have discontinued the chase some two miles prior to the place where the wreck occurred, when Cook first saw that the Watford vehicle had turned its lights off.
"Assuming that Officer Cook did not terminate his pursuit at that point, and, at the moment of impact, was .4 or .5 miles behind the Watford vehicle with his emergency lights and, possibly, his siren on, I am of the opinion that Officer Cook was still in active pursuit of the Watford vehicle. Accepted police standards and practices dictate that a pursuit is not terminated until such time as the officer shuts off all emergency equipmentlights and sirensand resumes a safe and legal speed. The driver of a fleeing vehicle can continue to see pursuing police emergency lights at a distance of .4 or .5 miles and this will continue to cause a dangerous situation.
"Even assuming Officer Cook was .4 or .5 miles behind the Watford vehicle at the time of impact, I am of the opinion that Officer Cook was in active pursuit of the Watford vehicle; that Officer Cook's actions were negligent, wanton, reckless and dangerous and exhibited a lack of due care for the safety of others using the highways; that a collision with a third on-coming car was foreseeable and almost inevitable if the chase continued; that no pursuit was necessary because a road block was in place; and that Officer Cook's actions were the proximate cause of the wreck and the death of Misty Seals."
(Emphasis added.)
On a motion for a summary judgment, once the defendant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the plaintiff to present substantial evidence creating a genuine issue of material fact. Rule 56(c), Ala.R.Civ.P.; see Gillion v. Alabama Forestry Ass'n, 597 So.2d 1315, 1319 (Ala.1992). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). (Citation omitted.)
The City would have us affirm the summary judgment on the authority of Blair v. City of Rainbow City, 542 So.2d 275 (Ala. 1989), and Doran v. City of Madison, 519 So.2d 1308 (Ala.1988). While we reverse the summary judgment in this case, we note that *1250 this reversal is not inconsistent with our holdings in Blair and Doran.
In Blair, the administrator of the estate of Donald Ricky Blair, who was killed while being pursued at a high speed by the police, sued Rainbow City and others, alleging that they were responsible for Donald Blair's death. The administrator also alleged civil rights violations and sought damages under 42 U.S.C. § 1983. Sue 542 So.2d at 275. In Blair, it was the fleeing offender who was killed in the chase. He had ignored the siren and blue light signals of the officers to pull over. In doing so, he elected to evade the police, and he died as a result of injuries when his own motorcycle left the road. 542 So.2d at 276. Clearly, in Blair, the fleeing offender was responsible for his own injuries, because, as this Court stated in the opinion, he could have pulled over at any time during the chase. 542 So.2d at 276.
In Doran, police officers were pursuing a vehicle driven by a person suspected of driving under the influence of alcohol. 519 So.2d at 1310. In support of their motion for summary judgment, three officers offered affidavits tending to show that at all times during their pursuit of the vehicle they had used their sirens and their blue lights. The accident occurred when the fleeing vehicle proceeded through an intersection and struck another vehicle. The police cars were in not involved in the collision.
In Doran, in opposition to the motion for summary judgment, the plaintiff offered affidavits tending to show that the police officers exceeded the speed limit while in pursuit; however, there was no evidence offered to show that they did not exercise due care in their pursuit. 519 So.2d at 1314. Justice Houston stated in this Court's opinion:
"The mere fact that a police officer exceeds the maximum speed limit during a pursuit, such as the one in the present case, does not present a genuine issue of material fact as to the liability of that officer for negligence. See § 32-5A-7, [Ala.Code 1975], and Madison v. Weldon, 446 So.2d 21 (Ala.1984). There can be little doubt that the high speed pursuit by the police officers contributed to Lindsey's reckless driving in this case. However, the rule regarding the conduct of a police officer in pursuit of an escaping offender is succinctly stated in Madison:

"`"The rule governing the conduct of [a] police [officer] in pursuit of an escaping offender is that he must operate his car with due care and, in doing so, he is not responsible for the acts of the offender. Although pursuit may contribute to the reckless driving of the pursued, the officer is not obliged to allow him to escape."'

446 So.2d at 28, quoting City of Miami v. Horne, 198 So.2d 10 (Fla.1967)."
519 So.2d at 1314. In Doran, the plaintiff presented no evidence that the police officers had operated their vehicles without due care.
Again, this Court stated in Seals v. City of Columbia, 575 So.2d 1061 (Ala.1991):
"Neither Madison v. Weldon, nor Blair v. City of Rainbow City, nor Doran v. City of Madison stands for the proposition that in order to state a claim upon which relief could be granted, Seals had to specifically allege that Officer Cook's vehicle came into contact with the vehicle in which his daughter was riding or that Officer Cook otherwise `directly' caused his daughter's death."
575 So.2d at 1064.
In opposition to the motion for summary judgment, Seals offered evidence tending to show that Cook did not discontinue his pursuit of Watford once the roadblock was in place. While Cook disputed this fact, he did state in his deposition that in regard to pursuit of a fleeing offender, proper procedure was to back off once a roadblock was in place. Seals's expert testified that Cook acted negligently and that no pursuit was necessary because a road block was in place. Thus, the plaintiff's evidence created a genuine issue of material fact. The summary judgment was inappropriate and must be reversed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED; APPLICATION OVERRULED.
*1251 MADDOX, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.
HOUSTON, J., dissents.
HOUSTON, Justice (dissenting).
I would affirm on the authority of Doran v. City of Madison, 519 So.2d 1308 (Ala.1988), and Blair v. City of Rainbow City, 542 So.2d 275 (Ala.1989). Officer Cook's vehicle was approximately one-half mile away when the collision occurred.