I respectfully dissent. This Court should affirm the trial court's holding that application of the state's wrongful death statute in this fact situation would be inconsistent with the policy underlying the 42 U.S.C. § 1983 cause of action.
The majority's holding that Alabama's wrongful death statute determines whether Alberta Jefferson's § 1983 federal cause of action survives is based on this Court's opinion in Carter v.City of Birmingham, 444 So.2d 373 (Ala. 1983), and Blair v. Cityof Rainbow City, 542 So.2d 275 (Ala. 1989). I agree with the reasoning of Justice Jones and Justice Adams, who wrote specially in Carter and Blair, respectively, and who disagreed with the idea that Alabama municipalities are exempt from a wrongful death action under § 1983 because the state recognizes an analogous cause of action.
This Court in Carter, based on an analysis of Robertson v.Wegmann, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) (holding that a § 1983 action would abate in accordance with Louisiana's survivorship statute), and Brown v. Morgan County,518 F. Supp. 661 (N.D. Ala. 1981), determined that a close parallel exists between the interests being protected in actions brought under the Alabama Wrongful Death Statute and interests involved in cases where death results from violations that would give rise to liability under § 1983. Therefore,Carter reasoned, the purpose of § 1983 was not defeated, because under the Alabama Wrongful Death Act an appropriate remedy is provided in death cases.
The view more in accord with the policy of § 1983 is expressed in the more recent opinion *Page 32 
of Weeks v. Benton, 649 F. Supp. 1297 (S.D. Ala. 1986). In Weeks, the administratrix of a deceased county jail inmate sued Baldwin County commissioners and others under § 1983, alleging violations of the inmate's rights. Judge Hand recognized inWeeks that (1) the Robertson holding was a narrow one, limited to situations in which the application of the state survivorship law does not adversely affect the § 1983 policies of compensation and deterrence, and (2) that the Robertson
analysis could not defend the strict application of the state's wrongful death statute in cases where alleged wrongful acts of a municipality or county resulted in the decedent's death. Such an application would allow those entities to operate with immunity from § 1983 actions based on deprivations of constitutional rights, so long as the victims of those deprivations die. Weeks, 649 F. Supp. at 1305-06. Providing what is in essence partial immunity to municipalities in death cases is inconsistent with the § 1983 policy of deterrence. Addressing this issue, Judge Hand wrote:
 "A strict application of the Alabama wrongful death statute in cases involving municipal or county liability cannot be justified under the Robertson Court's analysis. The Alabama statute provides for the recovery only of punitive damages, but municipalities and counties are immune from these damages in actions under § 1983. Thus, the strict application of the Alabama statute in such cases would result in the complete immunization of those entities from damages, at least in cases where the decedent's death resulted from their wrongful acts. Alabama municipalities and counties would know, in advance, that they would never be monetarily liable under § 1983 for acts that cause deprivations of constitutional rights as long as the victims die. The policy of deterrence of official misconduct that [underlies] § 1983 would obviously be severely undermined if the Alabama wrongful death statute is applied in a way that eliminates municipal and county liability in such cases. Moreover, § 1983's policy of compensating the victims of official misconduct would also be undermined. The Robertson Court specifically noted that its decision was not intended to 'preclude recovery by survivors who are suing under § 1983 for injury to their own interests.' "
649 F. Supp. at 1305-06.
In Robertson, the decedent had no immediate survivors, so the executor was suing only on the estate's behalf. Alberta Jefferson has several survivors including the plaintiff Melvin Jefferson.
I agree with Justices Jones and Adams that "[w]e should either fashion a remedy allowing recovery of compensatory damages, or we should resort to the federal common law of survival, which allows compensatory damages as the appropriate relief." Carter, 444 So.2d at 380 (Jones, J., concurring in part and dissenting in part); Blair, 542 So.2d at 278 (Adams, J., concurring specially and quoting Justice Jones's statement). Moreover, because I also agree with the analysis inWeeks, that Alabama's wrongful death statute should not be held to foreclose the recovery of compensatory damages under § 1983, I respectfully dissent.