[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12881
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 17, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00865-CV-3-IPJ

DONALD EUGENE BELEW, parent of Joseph Daniel
Belew, a minor decedent,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 17, 2007)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Donald Eugene Belew appeals the district court's grant of

summary judgment in this suit arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) (2006). He filed the suit on behalf of his son, a deceased minor, alleging that Natchez Trace Parkway Ranger J.J. Montgomery caused the decedent's death following a high speed chase. For the reasons stated below, we affirm the district court's decision.

## I. Background

On the evening of July 11, 2003, Eric Tate (age 22), Joseph Daniel Belew (age 15), and Johnny Keith Yerbey (age 16) played pool just north of the Alabama/ Tennessee state line at a pool hall. During the evening, Yerbey drank alcohol, Belew smoked marijuana, and Tate consumed both substances.

After leaving the pool hall, Tate—the driver of the vehicle—drove to the intersection of County Road 10 and Natchez Trace Parkway in Alabama. Instead of stopping at the stop sign, Tate came to a "rolling stop." J.J. Montgomery, a Natchez Trace Parkway Ranger employed by the United States National Park Service, was sitting in his vehicle just north of the intersection with his headlights off. After observing the traffic violation, Ranger Montgomery turned on his blue lights and followed Tate. Tate stopped at the intersection of County Road 5 and County Road 10. Montgomery pulled his vehicle behind Tate's and exited. While exiting, Montgomery reached for his shoulder microphone to radio-in the stop. As

2

he did that, he observed Tate turn around and look at him. Tate immediately "gas[sed] it" and took off on County Road 5. The relevant stretch of County Road 5 is a two-lane road with hills and curves. It has no paved shoulders and the speed limit is 45 miles per hour.

Montgomery got into his car, turned on his siren, pursued Tate, and called for backup. The call was placed at 10:46 p.m. The chase reached the speed of 90 miles per hour. When Montgomery noticed he was going that fast he slowed down to "just keep a visual of the vehicle." During the chase, Yerbey begged Tate to stop but he failed to do so. There is no evidence that either Yerbey or Belew encouraged the chase.

Montgomery observed Tate enter a curve, lose control, and strike a tree. At the time of impact, Montgomery was at least 100-200 yards away. Both Yerbey and Belew were severely injured in the crash; Belew later died as a result of his injuries. Tate suffered only minor injuries.

Montgomery called in the crash at 10:47 p.m.—only one minute after he called in the chase. The distance between where the traffic stop and the accident occurred was only 1.75 miles.

Belew's father, Donald Eugene Belew, filed this suit. The district court granted summary judgment on the issue of proximate cause.

## II. Standard of Review

This Court reviews a district court's grant of summary judgment <u>de novo</u>, viewing the evidence in the light most favorable to the party opposing the motion. <u>Wilson v. B/E Aerospace, Inc.</u>, 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court has held that the plain language of Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Johnson v. Bd. of Regents</u>, 263 F.3d 1234, 1243 (11th Cir. 2001).

## III. Discussion

The plaintiff brought this claim pursuant to the FTCA. Under the FTCA, the United States may be liable for personal injury or death caused by the negligent conduct of a federal employee while acting within the scope of his or her employment if the government would be liable were it a private person in the state where the act or omission occurred. 28 U.S.C. § 1346(b)(1). We, therefore, must look to the negligence law of Alabama to determine whether the plaintiff in this case can recover from the defendant. <u>Id.</u> Under Alabama law, a plaintiff must

4

demonstrate four elements to establish negligence: (1) duty, (2) breach of that duty, (3) proximate cause, and (4) actual damages or injury. Martin v. Arnold, 643 So.2d. 564, 567 (Ala. 1994). This case is about proximate cause.

"Proximate cause is an act or omission that in a natural and continuous sequence, unbroken by any new independent causes, produces the injury and without which the injury would not have occurred." Thetford v. City of Clanton, 605 So.2d 835, 840 (Ala. 1992). Although proximate cause is an issue generally determined by the fact-finder, it may be decided on summary judgment if "there is a total lack of evidence from which the fact-finder may reasonably infer a direct causal relation between the culpable conduct and the resulting injury." Green v. Alabama Power Co., 597 So.2d 1325, 1328 (Ala. 1992).

The Alabama Supreme Court has stated that the proximate cause of injuries sustained by an innocent third-party in a police chase is the driver of the fleeing vehicle, not the police officers giving chase. See Doran v. City of Madison, 519 So.2d 1308 (Ala. 1988); Madison v. Weldon, 446 So.2d 21 (Ala. 1984). In Weldon, the Court held that the district court erred when it failed to clearly explain the proper standard of care and the issue of proximate cause in the jury instructions. 446 So.2d at 25-26. In that case, a minor and his mother sued Don Edwin Adkins, two police officers, and the city after Adkins's truck collided with

5

the plaintiffs' vehicle while the police officers pursued Adkins for speeding. Id. at 23. The Court noted that the duty the police officers owe while in pursuit is more liberal than the duty they would owe if they were not acting within their official police duties. Id. at 27. The Court also stated that the proximate cause of the injury was the behavior of the driver of the pursued automobile, not the police officer pursuing that offender. Id. The Court quoted a 1967 Florida Supreme Court decision and adopted its conclusion. The Court wrote

> The rule governing the conduct of [a] police [officer] in pursuit of an escaping offender is that he must operate his car with due care and, in doing so, he is not responsible for the acts of the offender. Although pursuit may contribute to the reckless driving of the pursued, the officer is not obligated to allow him to escape.

Id. at 28 (quoting City of Miami v. Horne, 198 So.2d 10 (Fla. 1967) (emphasis omitted)).

In Doran, police officers chased a vehicle after witnessing the driver commit a minor traffic violation. 519 So.2d at 1310. During the pursuit, the car ran through an intersection and collided with a truck. Id. The passengers in the truck sued the officers and the city under a negligence theory. Id. at 1311-1312. Reviewing the trial court's grant of summary judgment for the defendants, the Alabama Supreme Court concluded that because the police vehicles did not actually collide with the plaintiffs', the police could not have proximately caused

6

the accident.  Id. at 1314.  Noting the policy implication of the decision, the Court went on further to quote the rule of Weldon that the police officer is "not responsible for the acts of the offender."  Id.

The Alabama Supreme Court also has concluded that the driver of a fleeing vehicle was the proximate cause of his own injuries—not the police giving chase.  Both decisions relied in part on Weldon and Doran.  See Gooden v. City of Talladega, __So.2d.__ (Ala. 2007); Blair v. City of Rainbow City, 542 So.2d 275 (Ala. 1989).  In Gooden, the mother of a deceased fleeing offender filed suit against the city and the police officer who gave chase to her son.  Her son, Tyrone Gooden, pulled over and let his passengers out of his S.U.V. after being stopped for a minor traffic violation.  Id. at 1.  Gooden then took off and the police followed.  Id.  Officers chased Gooden for 3.2 miles at 70-80 miles per hour before Gooden lost control of his vehicle and died as a result of a crash.  Id. at 2.  The trial court entered summary judgment for the defendants and Gooden's survivor appealed.  Id.  The Alabama Supreme Court concluded that summary judgment was proper for the defendants because the plaintiff failed to show that the fleeing driver's injury was caused by the police instead of Gooden himself.  Id. at 9.  Particularly, the Court noted that there was no evidence that the police officer's vehicle made any contact with Gooden's S.U.V.  Id.  The Court stated that Gooden

7

had the opportunity to slow down or stop but failed to do so and, thus, he was the proximate cause for his injuries—not the police officers giving chase. Id.

In Blair, the police attempted to stop Ricky Blair for speeding on his motorcycle. Id. at 276. Instead of pulling over, however, Blair increased his speed to 120 miles per hour, lost control of his vehicle, and crashed. Id. He died three days later from the injuries he sustained. Id. The administrator of Blair's estate filed suit under negligence and other theories. Id. at 275. As in Gooden, the trial court entered summary judgment for the defendants and the plaintiff appealed. Id. at 276. The Alabama Supreme Court concluded that summary judgment was proper because the plaintiff failed to contradict that "Ricky could have slowed down and stopped at any time during the chase; the choice to speed and drive recklessly to evade capture was Ricky's alone." Again, the Court noted the policy implication of its decision: "The plaintiff would have us require police officers to allow a fleeing offender to escape if the offender exceeds the speed limit; [we] reject[] this contention." Id. at 276.

The Alabama Supreme Court only once has found that there was a genuine issue of material fact as to proximate cause on a case with similar facts and reversed summary judgment. In Seale v. City of Columbia, 575 So.2d 1061 (1994), the plaintiff's decedent was driving and was struck head-on by a vehicle

8

being pursued by police. Id. at 1248. It is not clear from the opinion why the officer chased the vehicle. What is clear, however, is that police officers had setup a road block ahead of where the chase was occurring. Id. It was proper procedure for the officer to slow down and turn off his blue light and siren if a road block existed ahead. Id. at 1248-1249. A fact issue existed as to whether the officer continued to pursue the decedent despite being informed of the road block or whether he followed procedure. Id. at 1250. Thus, there was a genuine issue of material fact as to whether the defendant met his standard of care. Id. Moreover—and more relevant for our purposes—the plaintiff's evidence included the testimony of an expert witness that the pursuit was unnecessary because the road block was in place. Id. The plaintiff, therefore, submitted evidence that the defendant was the proximate cause of the injury. Id. at 1248-1250. The Court went through a lengthy discussion of proximate cause, distinguishing the case from Doran and Blair. Id. It concluded that unlike those two cases, the plaintiff established a genuine issue of material fact as to whether the police officer exercised due care and Seal's expert testified that no pursuit was necessary because a road block was in place. In Doran and Blair, neither plaintiff submitted evidence to suggest that the pursuit was unnecessary.

This case is more similar to <u>Doran</u>, <u>Gooden</u>, and <u>Blair</u> than it is to <u>Seals</u>.[1] Belew submitted no evidence that the pursuit was unnecessary, and there is no evidence that Montgomery's vehicle hit Tate's, causing the accident to occur. Nor is there any evidence that a road block existed or that the fleeing offender could be apprehended at a later time. Montgomery did not have time to radio-in the license plate information as Tate sped off too quickly. Moreover, Montgomery could not obtain this information as he was never close enough to read it during the brief chase.

### IV. Conclusion

For the above reasons, we **AFFIRM** the district court's grant of summary judgment.

---

[1] Because the Alabama Supreme Court has concluded that the fleeing offender is the proximate cause of injuries to both the driver (<u>Gooden</u> and <u>Blair</u>) and innocent third-parties in other vehicles (<u>Doran</u> and <u>Weldon</u>), the same conclusion should apply to innocent third-parties in the same vehicle as the fleeing offender. Thus, the fact that Belew was in the same vehicle as Tate is irrelevant.